Contracts; changes; delays; suspension of work; acceleration of work. — Plaintiff contracted with the Army Corps of Engineers for the construction of a launch complex at Cape Canaveral. This suit, filed on behalf of plaintiff’s major subcontractor, is for review of the decision of the Engineering Board of Contract Appeals under Wunderlich Act criteria. Plaintiff seeks an equitable adjustment based upon a change in reducing the specified size of a power cable, and an equitable adjustment for alleged acceleration, suspension and disruption of electrical work. On February 11, 1972 Commissioner Louis Spector filed an opinion discussing at length the various issues, concluding that plaintiff was entitled to recover with respect to some of its claims. This case came before the court on defendant’s request for review and plaintiff’s request for partial review of Commissioner Spector’s opinion, on plaintiff’s motion and defendant’s cross-motion for summary judgment, having been submitted to the court on oral argument of counsel and briefs of the parties. Upon consideration thereof, since the court agreed with the commissioner’s recommended conclusions and in general with his opinion, by order dated December 1, 1972 the court adopted the same as the basis for its judgment in this case. The court further granted plaintiff’s motion for summary judgment to the extent of $398,907 and otherwise denied the motion, and denied defendant’s motion to the extent of the allowance of plaintiff’s motion but otherwise granted it. The court entered judgment for plaintiff in the sum of $398,907. (This entry of judgment was predicated on the assumption that $124,900 heretofore found due plaintiff by the Board has not *738 in fact been paid. If it lias in fact been paid, the entry of judgment is reduced pro tanto.)
Judge Davis concurred in the order dated December 1, 1972, stating: “I join in the order but wish to note, with respect to the claim for acceleration on Item 4, that my concurrence does not represent agreement with everything said in that part of the commissioner’s opinion. I concur that the Board’s formula for determining whether plaintiff was on schedule (when ordered to accelerate) is erroneous and must be rejected, but I am not clear that the present record compels the conclusion (reached by the commissioner) that the plaintiff was in fact on schedule on September 30, 1963. However, the record does require the finding that plaintiff was at most delayed by a week or so, if late at all, and the probability (though not the certainty) is that there was no delay. In these circumstances it is inappropriate and wasteful to call for the burden, time-consumption, and expense of further Board hearings to determine whether there was in fact such a minor delay. It is far better to end the case here, as our order does.”